## Chicago & E. I. R. Co. v. Francis F. Randolph.

1. PRACTICE—*Exceptions to Evidence Improperly Admitted to be Preserved.*—Where evidence is admitted over the objection of the adverse party to which no exception is preserved, the Appellate Court will assume that the ruling of the court upon such admission was acquiesced in.

2. INSTRUCTIONS—*May be Based upon Evidence Improperly Admitted.*—Where no exception is taken and preserved to evidence improperly admitted on the trial, or motion made to exclude it from the consideration of the jury, the court may properly base an instruction upon it.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

H. M. STEELY, attorney for appellant; W. H. LYFORD, of counsel.

ISAAC A. LOVE and W. R. JEWELL, JR., attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by the appellee against appellant for injuries to the person of the former, received at a crossing in consequence of the alleged negligence of the latter in the management of its switch engine with cars. The jury found for the plaintiff and fixed the damages at $1,500, and the court, after having overruled the motion for a new trial, gave its judgment upon the verdict, to reverse which this appeal is brought and various assigned errors are argued to effect such reversal, among which chiefly are that the court admitted improper evidence, gave improper instructions, the damages are excessive, and the verdict is against the evidence of the case.

If the jury believed the testimony of the appellee, and this they doubtless did, the injury to appellee was caused by the servants of appellant suddenly reversing its engine while running away from the crossing, just when appellee was in

the act of crossing the railroad, and without warning of the intention to reverse the direction of the engine, a car at this time somewhat obstructing the view of both the engineer and appellee. We think the jury were warranted in finding that appellee was in the exercise of due care and that appellant was negligent, as imputed by the declaration. There was no prejudicial error in the ruling of the court upon the admission of evidence. It is insisted in the argument that the statement of appellee that he had hired his wife and son to nurse him was incompetent evidence. While this evidence was objected to by appellant, we find no exception to the ruling of the court upon it, and in the absence of such we must assume the ruling of the court at the time was acquiesced in. Whether this is so or not, the mere fact that appellee testified that he hired his wife and son to nurse him, would add nothing to the right of appellee to recover, providing such nursing was necessary. Whether either or both of them were legally bound to perform such service or not is no concern of appellant—the real question as to it being whether the condition of appellee was such as to require such service, and that was an open question as to it before the jury, without reference to the fact that the wife and son were hired or requested to perform the service. No exception having been preserved to the admission of such evidence, and no motion having been made to exclude it from the consideration of the jury, the court properly based an instruction upon it and there was no error in the instruction of the court in this regard as complained. We do not find the other instructions in the case subject to the objections urged against them, and the damages, in view of the whole evidence, are not excessive.

Finding no reversible error the judgment of the Circuit Court will be affirmed.